UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRIETTA PITTS,

      Plaintiff,                          No. 19-10829

v.                                    District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen

GOODMAN ACKER P.C., ET AL.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING
MOTION TO STRIKE AMENDED COMPLAINTS [ECF No. 24]**

On March 20, 2019, Plaintiff Henrietta Pitts filed a *pro se* civil complaint alleging employment discrimination under Title VII, 42 U.S.C. § 2000e, *et. seq*. On June 4, 2019, Defendant Robert Half International, Inc. ("Robert Half") filed a motion to dismiss [ECF No. 11], and Plaintiff was ordered to file a response by July 9, 2019 [ECF No. 15]. On June 13, 2019, Defendant Goodman Acker P.C. ("Goodman Acker") filed a motion for judgment on the pleadings [ECF No. 14], and Plaintiff was ordered to file a response by July 18, 2019. The parties later stipulated that the time for Plaintiff to respond to Defendant Robert Half International's motion to dismiss would be extended to August 8, 2019 [ECF No. 17]. On August 20, 2019, following another request for an extension, the Court entered an order extending the time for Plaintiff to respond to both motions to

September 10, 2010, stating that no further extensions would be granted [ECF No. 18].

To date, Plaintiff has not responded to either Defendant's dispositive motion. Rather, on September 11 and September 18, respectively, she filed two (duplicative) amended complaints [ECF No. 22 and ECF No. 23]. Before the Court is Defendant Goodman Acker's motion to strike the amended complaints [ECF No. 24] and Defendant Robert Half's concurrence in that motion [ECF No. 25].

Fed.R.Civ.P. 15(a)(1) provides that a party may amend a pleading once as a matter of course either within 21 days of serving it or within 21 days of the opposing party's service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed.R.Civ.P. 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." In this case, Plaintiff is well outside the 21-day window for filing an amended complaint as a matter of course, and she has neither sought leave of the court nor obtained the Defendants' consent to do so. This is a sufficient basis to strike her amended complaints. *See Nicholson v. City of Westlake*, 20 F. App'x 400, 403 (6th Cir. 2001) (finding that district court did not abuse its discretion when it struck an amended complaint that was filed in violation of Fed. R. Civ. P. 15(a)); *Green v. Southfield*, 2016 WL 692529, at *3 (E.D. Mich. 2016).

Accordingly, Defendants' motion to strike Plaintiff's amended complaints [ECF No. 24, with concurrence in ECF No. 25] is GRANTED, and Plaintiff's amended complaints [[ECF No. 22 and ECF No. 23] are STRICKEN.[1]

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 29, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

---

[1] In addition, Defendants are correct that the amended complaints suffer from the same substantive deficiencies as the original complaint in terms of failure to state a claim under the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those deficiencies–including failure to factually support a non-speculative claim for relief– are discussed in detail in my separate Report and Recommendation regarding Defendants' dispositive motions [ECF No. 34].