UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRIETTA PITTS,

    Plaintiff,

v.

GOODMAN ACKER, P.C.,
ROBERT HALF INTERNATIONAL,
INC.,

    Defendants.
                               /

No. 19-10829

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On March 20, 2019, Plaintiff Henrietta Pitts filed a complaint claiming race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and race discrimination and retaliation under 42 U.S.C. § 1981. Before the Court are Defendant Robert Half International, Inc.'s ("Robert Half") Motion to Dismiss [ECF No. 11] and Defendant Goodman Acker, P.C.'s ("Goodman Acker") Motion for Judgment on the Pleadings [ECF No. 14], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both Motions be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

Plaintiff alleges that "[i]n January 2018, Robert Half assigned Plaintiff to work for Defendant Goodman Acker as a legal secretary on a temporary assignment that was to be long term extended out about 5 to 6 months." *Complaint*, ECF No.1, PageID.3  "After working for Goodman Acker for 2 days, Plaintiff was terminated from her job" because Goodman Acker ended her assignment. *Id*. Plaintiff says that she was given the

following reasons for the end of her assignment at Goodman Acker:  (1) Goodman Acker "stated [to Robert Half that] she did not fit their culture; (2) Goodman Acker "claim[ed] there was a misunderstanding and that they were under the impression that she did not know how to prepare response pleadings;" (3) she was "told she was no longer needed and the role would be filled internally;" (4) after Plaintiff told Robert Half that she believed the ending of her assignment was motivated by race, Mr. Wooden of Robert Half "implied in his statements to Plaintiff that maybe it was her attire . . . verses her race;" (5) "Robert Half stated to her that the client terminate[d] her assignment because they were dissatisfied with her work performance and that she lack[ed] the experience to do the job;" and (6) "Mr. Wooden stated that [Goodman Acker] told him that she was aggressive in her approach to their employee and very disrespectful[.]"  *Id*. at PageID.3-5

Plaintiff also alleges that following her assignment at Goodman Acker, "she had been manually removed from the [Robert Half] system by Allie Ballor and marked as unavailable so that no recruiter would contact her for future job opportunities."  *Id*. at PageID.5.  Plaintiff further alleges that after she filed suit, she was "official[ly] fired from the job" by Robert Half.  *Id*.

Plaintiff filed a charge with the EEOC.  The EEOC mailed her a Right to Sue Letter on December 20, 2018.  She filed her complaint in this Court on March 20, 2019.

## II.  STANDARD OF REVIEW

Pending are motions to dismiss and a motion for judgment on the pleadings.  A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  Fed.R.Civ.P. 12(b)(6) provides for dismissal of a

complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted).

### III. DISCUSSION

### A.

Plaintiff has not filed a response to either motion, despite being given multiple extensions of time for doing so. Robert Half filed its motion on June 4, 2019. The undersigned issued an order requiring a response by July 9, 2019. [ECF No. 15]. Goodman Acker filed its motion on June 13, 2019. The undersigned ordered a response by July 18, 2019. [ECF No. 16]. On July 10, 2019, on stipulation, the undersigned extended the time to file a response to August 8, 2019. [ECF No. 17]. On July 31, 2019, Plaintiff filed a motion seeking another extension of time. [ECF No. 18]. Over Defendants' objections, the undersigned granted Plaintiff's request and again extended the time to file responses to September 10, 2019. [ECF No. 21]. Plaintiff did not file responses by the date. Instead, on September 11, 2019 Plaintiff filed an Amended Complaint [ECF Nos. 22] and filed what appears to be a duplicate Amended Complaint on September 18, 2019. [ECF No. 23]. Defendants moved to strike the Amended Complaint as improvidently filed. [ECF Nos. 24, 25]. Over Plaintiff's objection, the undersigned granted the motion to strike. [ECF No. 33]. Thus, the record contains only Plaintiff's Complaint and Defendants' motions.

The law in this Circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir.1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. However, the Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. *See Scott v. State of Tennessee*, 878

F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that "where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted).

### B.

Plaintiff's failure to respond to the motions could be viewed as sufficient grounds for granting the motions. However, it is recommended that the motions be decided on the merits. As explained below, Plaintiff has failed to allege plausible claims for relief under either Title VII or § 1981.

### 1.

Title VII makes it unlawful for an employer to discriminate against individuals based on their race, color, sex, religion, or national origin. 42 U.S.C. § 2000e–2(a)(1). Absent direct evidence of discrimination, a plaintiff can establish a prima facie case of disparate treatment discrimination under Title VII by demonstrating that: (1) he or she is a member of a protected class; (2) he or she was qualified for the job and performed it satisfactorily; (3) despite his or her qualifications and performance, he or she suffered an adverse employment action; and (4) he or she was replaced by a person outside the protected class or was treated differently than similarly-situated non-protected employees. *Aquino v. Honda of America, Inc.*, 158 F. App'x 667, 674 (6th Cir.2005) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973) & *Johnson v. Univ. of*

*Cincinnati*, 215 F.3d 561, 572–73 (6th Cir.2000)). However, Title VII plaintiffs need not establish all elements of a prima facie case of discrimination to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–14 (2002).

Plaintiff has not demonstrated that she is entitled to relief under Title VII. The only allegation that plausibly connects Plaintiff's termination to her race is that she "felt that her dismissal was based on race being that she was the only African American working for the company." *Complaint*, ECF No. 1 at PageID.4-5. This is insufficient. Plaintiff does not allege that Defendants made any direct remarks to Plaintiff that would suggest that race was a motivating factor in any decision by Defendants concerning Plaintiff's employment. Plaintiff also does not allege anywhere in her Complaint that she was replaced by, or treated in a dissimilar manner, than a similarly situated person not in her protected class. As noted above, Plaintiff's proffered reasons for her termination include: a lack of fit with firm culture, inability to perform key tasks, inappropriate attire, poor work performance, lack of experience, and an aggressive and disrespectful attitude. None of these allegations suggest any racial animus. Even the allegation that Goodman Acker ended Plaintiff's assignment because "she did not fit their culture" is not sufficient to bring a claim of racial discrimination as a matter of law. *See Weir v. Montefiore Med. Ctr.*, No. 16 CIV. 9846 (KPF), 2018 WL 1033238, at *6 (S.D.N.Y. Feb. 22, 2018) (granting 12(b)(6) motion to dismiss a pro se complaint alleging racial discrimination where plaintiff alleged that he was told he "did not fit in" as part of the reason for the alleged adverse employment action.).

**2.**

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

contracts," and that "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). The statute further provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id*. § 1981(c). "The purpose for which [Section 1981] was enacted—to afford equal opportunities to secure the benefits of American life regardless of race—requires that a court adopt a broad outlook in enforcing Section 1981. Schemes of discrimination, whether blatant or subtle, are forbidden." *Long v. Ford Motor Co.*, 496 F.2d 500, 505 (6th Cir. 1974). Section 1981 "is an equalizing provision, seeking to ensure that rights do not vary according to race." *Id*.

The essential elements of a claim under Section 1981 are that "(1) plaintiff is a member of a racial minority, (2) defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Burton v. Plastics Research Corp.*, 134 F. Supp. 2d 881, 885 (E.D. Mich. 2001) *(quoting Johnson v. Harrell*, 142 F.3d 434, at *2 (6th Cir. 1998) (table), and collecting authorities).

Plaintiff has not pled sufficient factual matter to satisfy Rule 12(b)(6). Specifically, Plaintiff has failed to meet the second prong of the Section 1981 prima facie case because she has "put forth only conclusory allegations of discriminatory intent. A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 680-82 (2009)).

Here, Plaintiff made the conclusory statement that "Plaintiff's race was a motivating factor that made a difference in Defendants' treatment of her" and "Defendants terminated Plaintiff's employment solely because of her race." Complaint, ECF No. 1 at PageID.9. These bare bones allegations "fail to provide the kind of specific facts necessary to make [Plaintiff's] discrimination claim[ ] plausible." *Sam Han v. Univ. of Dayton*, 541 Fed. App'x 622, 627 (6th Cir. 2013). The Sixth Circuit has made clear that even at the motion-to-dismiss stage, a plaintiff must provide more than just conclusory statements of discriminatory intent. *See id*. at 626 (holding that dismissal was warranted where the plaintiff "provide[d] no facts that would allow a court to infer that the adverse employment action at issue was a result of his race or gender," and instead "list[ed] conclusory allegations of discrimination and fail[ed] to provide, as required by *Twombly* and *Iqbal*, the 'sufficient factual matter' necessary to create an inference of discrimination"). *See also Haygood v. Gen. Motors, LLC*, No. 18-10375, 2018 WL 3329574, at *3–4 (E.D. Mich. July 6, 2018).

As to a claim for retaliation under Section 1981, a plaintiff must show (1) that the he or she engaged in a protected activity; (2) an adverse employment action was suffered; and (3) the adverse action occurred because of the protected activity. *Moore v. Kuka Welding Sys.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

Plaintiff has not plead a plausible retaliation claim. First, she has not alleged that she engaged in any protected activity nor has she alleged that any protected activity was the cause of her termination. To the contrary, Plaintiff alleges that defendants terminated her employment because of her race.

**3.**

Overall, the Complaint alleges in the most skeletal and conclusory terms that she

was removed from her assignment because of her race. Nothing more. This is insufficient under *Iqbal*.

## IV.  CONCLUSION

I recommend that Defendant Robert Half's Motion to Dismiss [ECF No. 11] and Defendant Goodman Acker's Motion for Judgment on the Pleadings [ECF No. 14] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 29, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
